SAUNDERS, J.,
dissents and assigns written reasons.
| ,The theory that the vehicles were moving in a substantially parallel direction is sacrosanct to the defense of a low impact “brushing” type contact. This theory, however, is fatally flawed.
The record shows that there was only minimal contact between the left front fender of the Johnson vehicle and the right side of the Dore vehicle. This damage was described as the “size of a hand” by Johnson. Additionally, the record contains a photo which established that there was a rubber scrape along the length of the right side of the Dore vehicle. This substantial contact between the Johnson vehicle’s left front tire and the Dore vehicle’s right side could only be made if Johnson’s left front tire was “outside the wheel well” as testified to by Dore’s mechanical engineer. This testimony is supported by common observation and the laws of physics and is uncontroverted in the record.
These same sources mandate that the steering wheel must be turned for the tire to leave the wheel well. The vehicle will follow the tire wherever it goes. These observances are also uncontroverted in the record.
The conclusion is inescapable that the rubber markings on the Dore vehicle cannot coexist with a “brushing” type contact since the Johnson tire had to be turned from its wheel well and into the Dore vehicle to make contact.
|2I have read the record, briefs, and the majority opinion in search of a theory that would allow a “brushing” type contact to coexist with the tire impact shown in the photograph in the record. I have found no such theory and no real discussion of the subject except in the arguments submitted by Dore.
In my view, the physical evidence categorically contradicts the theory of a “brushing” impact. The jury verdict is, therefore, based on a physical impossibility and, as such, is unsupported by the record. Accordingly, I respectfully dissent.